FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATALIE GIBB,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 2:17-cv-00139-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff Natalie Gibb's Motion for Summary Judgment, ECF No. 12, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Dana C. Madsen; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Joseph J. Langkamer.

**Jurisdiction**

On December 6, 2012, Plaintiff filed a Title II application for disability insurance benefits as well as a Title XVI application for supplemental income. Plaintiff alleges an onset date of December 4, 2012.

Plaintiff's application was denied initially and on reconsideration. On March 26, 2015, Plaintiff appeared and testified at a hearing held in Spokane, Washington before an ALJ. The ALJ issued a decision on June 3, 2015, finding

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on February 18, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 12, 2017. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 54-years old. She lived with and took care of her elderly mother. She has worked mostly data entry jobs, clerical temp jobs and housekeeping. Her last job was as a housekeeper. She quit that job because she felt she could not physically or mentally continue to work.

In 2012, Plaintiff suffered from depression and chronic right shoulder pain. She also experienced vertigo and a deviated septum. She had surgery for the deviated septum in June, 2013, which appeared to clear up her nasal problems. She

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

continues to experience problems with her vertigo, including becoming dizzy when she bends down. Plaintiff also experienced loss of appetite and weight loss. In July, 2013, she fell and broke her clavicle, which took several months to heal and continues to cause her pain. In January, 2014, she was admitted to the hospital with diarrhea, vomiting, and dehydration. She went into respiratory failure and was admitted into the ICU. It was determined that she had pneumonia and a cyst on her pancreas (which turned out to be benign). She spent three weeks in the hospital and was discharged to a care facility where she recuperated. After her hospitalization, she continued to experience loose stools, varying between 10 a day to less than 3-4 times a day, and continued to suffer from depression, anxiety and chronic shoulder pain, as well as PTSD caused by her hospital stay. Prior to her hospital stay, she was a heavy drinker, but afterwards she quit drinking. AR 766. After her hospital stay, she also was able to quit smoking.

## The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. AR 15.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 4, 2012. AR 15.

At step two, the ALJ found Plaintiff has the following severe impairments: dysthymia; degenerative disc disease of the cervical spine; osteoarthritis of the right shoulder; status post distal clavicle fracture left shoulder; and mild to moderate hearing loss in the left ear. AR 15. The ALJ specifically found the following impairments to be non-severe: diverticulosis, vertigo, pharyngitis, headaches, deviated septum, turbinate hypertrophy, anosmia parosmia parageusia, acutge maxillary sinusitis, dysphagia, carpel tunnel syndrome, de Quervain syndrome and Plaintiff's various pain complaints, including right foot, ankle and knee pain, back pain and thumb pain. AR 19-21.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 21. Specifically, the ALJ reviewed Sections 1.00 (musculoskeletal system), 2.10 (hearing loss) and 12.04 (affective mental disorders) of the listings of impairments.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.7(b). She can perform postural movements occasionally, except she can never climb ladders, ropes, or scaffolds. She can never perform overhead reaching with the left, non-dominant arm. She has mild to moderate hearing loss in the left ear and she must avoid more than moderate exposure to noise and hazards. The claimant is able to understand, remember and carry out simple, routine, repetitive tasks and instructions involving up to three step commands. She is able to maintain attention and concentration for two-hour intervals between regularly scheduled breaks and for up to a 40-hour workweek. In order to avoid stress, she can have only occasional changes in the work routine, occasional use of judgment solving or problem solving, and no production rate of pace.

AR. 23. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a housekeeping cleaner. AR 29.

In the alternative, the ALJ found Plaintiff could perform other work which exists in significant numbers in the national economy, including positions such as cashier II and hand packers/packagers. AR 30.

**Issues for Review**

1. Whether the ALJ properly evaluated Plaintiff's symptom claims;

2. Whether the ALJ properly considered and weighed the opinion evidence; and

3. Whether the ALJ's errors were harmless.

**Discussion**

*1. Whether the ALJ properly evaluated Plaintiff's symptom claims.*

Plaintiff argues the ALJ improperly discredited her symptom claims. The ALJ provided the following reasons for discrediting Plaintiff's symptom claims:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

(1) although she testified that she uses a cane to walk, she did not have one when she saw Dr. Weir for an exam and she did not appear to be limping; (2) inconsistent disclosure of substance abuse; (3) varying reports of diarrhea; and (4) reported activities of daily living.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

SSR 96-7P, 1996 WL 374186. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence. The ALJ failed to appreciate the difference between Plaintiff's symptoms pre- and post-hospitalization. For instance, she relied on Dr. Weir's observation that Plaintiff did not use a cane when he examined her. However, that examination took place in 2013. In February, 2014, Dr. Bland observed that Plaintiff was walking with a cane. AR 634. At the hearing, Plaintiff explained that after her hospital stay, her legs became weak and she uses a cane if she has to stand in line or walk any distance. She explained that she always uses a cane when she goes to the grocery store and they put the groceries in a lot of bags because she cannot carry heavy bags. Plaintiff's testimony is not incredible. Rather, it is supported by substantial evidence in the record. Moreover, Plaintiff's testimony regarding her alcohol usage is consistent with the record.

Also, the ALJ's conclusion that Plaintiff was not credible in explaining her chronic diarrhea is not supported by the record. The ALJ takes issue with Plaintiff's testimony that she has 10 loose bowel movements a day, suggesting that Plaintiff is exaggerating. A review of the record indicates that the frequency of Plaintiff's diarrhea has fluctuated, but nevertheless is severe and debilitating. In February, 2014, Plaintiff reported that she has diarrhea 5-10 times a day. In May, 2014, Plaintiff reported that she has occasional diarrhea 4-5 days a week. In June, 2014, she reported that she has 5-7 bowel movements a day with abdominal pain. She reported to Dr. Safran that she has to stay close to the bathroom. In August, 2014, she has 3-4 bowel movements a day. Her diarrhea has not been resolved and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

there is nothing in the record to suggest that Plaintiff's description to her medical providers that on some days she has to wear protection or stay close to the bathroom to prevent accidents is an exaggeration. The ALJ's conclusion that Plaintiff lacked credibility regarding the extent of her diarrhea is not supported by substantial evidence, given the extensive evidence in the record that her chronic diarrhea is just that, chronic and debilitating.

Finally, the ALJ concluded that Plaintiff's daily living activities is inconsistent with her claim that she is disabled. While the ALJ focused on the activities that Plaintiff reported completing, she failed to also consider that the records indicate that after Plaintiff completed any strenuous activity, the next day her pain and discomfort increased. The ALJ concluded that Plaintiff's sister's recounting of Plaintiff's daily activities is not consistent with objective medical evidence. This conclusion is not supported by the record. Rather, the record indicates that whenever Plaintiff attempts to exert herself with her daily living activities, she experiences severe pain the next day.

The Ninth Circuit has "warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Recognizing that claimants should not be penalized for attempting to lead their normal lives, "only if Plaintiff's level of activity is inconsistent with his claimed limitations would these activities have any bearing on his credibility." *Id.* Plaintiff's testimony regarding her daily activities is consistent with her physical limitations.

//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

2. *Whether the ALJ properly considered and weighed the opinion evidence*

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. Specifically, she argues the ALJ improperly limited the weight of the opinions of Dr. Brown, Dr. Bland, and Dr. Safran.

In April, 2015, Dr. Bland provided the following letter:

> Re: Natalie Gibb
>
> To Whom It May Concern:
>
> The above patient is under my care for a medical problem and has seen me for the last two years. Due to physical and psychiatric medical problems she is unable to be employed in any line of work including sedentary work. Specifically she suffers from chronic diarrhea that prohibits from leaving the home or working for any length of time. In addition she has moderate to severe anxiety and PTSD that leave her unable to function normally in a job. She has physical restrictions as well including severe carpal tunnel syndrome that inhibit her from typing or data entry as well as from heavy lifting and other manual occupations. She also has a history of torn rotator cuff and adhesive capsulitis that limit her ability to do such work. Overall, my assessment is that she is unlikely to successfully perform any regular employment either sedentary or manual work.
>
> Sincerely,
>
> Lacie Bland, MD

AR 746.

The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 10

the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6); *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

The ALJ failed to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physicians. Notably, the ALJ failed to consider the length of the treatment relationship, the frequency of the examinations given by Dr. Bland or the nature and extent of the treatment relationship. It appears Dr. Bland began treating Plaintiff in September, 2013, AR 598, and continued to treat her through at least April, 2015.

Also, the ALJ erred in giving little weight to Dr. Safran's opinion. Dr. Safran is also a treating physician. She indicated that Plaintiff's diarrhea is a chronic problem that was recently exacerbated by diverticulitis flare in January without clear etiology. The ALJ gave little weight to Dr. Safran's opinion because she was examining Plaintiff for the purpose of the disability determination. This was in error. It is clear that Plaintiff's appointment was more than simply an office visit for a disability determination. Dr. Safran examined Plaintiff, conducted an extensive review of her medical history, and made recommendations regarding her treatment. She noted that Plaintiff's range of motion is limited by pain. Dr.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

Safran concluded that Plaintiff was limited to sedentary work. AR579.

With respect to these treating physicians, the ALJ erred by failing to apply the appropriate factors in determining the extent to which the opinion should be credited and failing to provide specific and legitimate reasons for rejecting their opinions.

The ALJ erred in giving little weight to Dr. Rosekrans because his conclusions are supported by objective medical evidence. The ALJ dismissed Dr. Rosekrans' opinions because typically these examiners place undue reliance "upon the subjective allegations of an individual in a setting where she was being evaluated for the specific purpose of determining entitlement to state general assistance benefits, where rules for obtaining benefits are much more relaxed than those used for Social Security disability purposes." AR 28. Dr. Rosekrans concluded that Plaintiff has marked ability in the following areas: perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 590. These conclusions are amply supported by the record, including the statement from Ms. Bryant, who is a neutral third-party.

For the reasons stated above, the ALJ committed reversible error by discounting the opinion of Plaintiff's treating physician and not giving these physician's opinion's controlling weight because their opinions were well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 12

3.  *Whether the ALJ's error were harmless*

Here, the ALJ's errors were not harmless. Notably, the ALJ failed to consider Plaintiff's chronic diarrhea, anxiety, depression and PTSD in making the disability determination.

Most telling is Kay Bryant's statement regarding Plaintiff's work history prior to her seeking disability benefits. She indicated that in the 10 months Plaintiff worked at Broadway Court Estates, Plaintiff had 32 days of unscheduled absences due to illness. She indicated that Plaintiff had trouble following instructions, was forgetful and experienced anxiety attacks. She also stated that Plaintiff exhibited stress and anxiety issues that interfered with her work performance and that she could not always cope with changes in the work environment. She noted that Plaintiff had several dizzy spells while working and Ms. Bryant indicated that these dizzy spells had become a safety concern. The ALJ erred in concluding that Ms. Bryant's statement is not consistent with the objective medical evidence. Rather, the contrary is true. Ms. Bryant's observations makes perfect sense after reviewing the objective medical evidence.

## Conclusion

The ALJ erroneously rejected medical opinion evidence and Plaintiff's symptom testimony. The only question then, is whether to remand a case for additional evidence or simply award benefits. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The Ninth Circuit has instructed that where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand" the court should remand for an award of benefits. *Trevizo*, at 683.

Here, remand for the calculation and award of benefits is warranted. If the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 13

testimony of Plaintiff's treating physicians, Ms. Bryant's testimony, and Plaintiff's testimony are credited as true, a finding that Plaintiff is disabled is mandated.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an award of benefits, with a disability onset date of December 4, 2012.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 21st day of May 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 14